**Commonwealth v. Gandy**

*David E. Fritchey,* for Commonwealth.
*Emilio DiMatteo, Jr.,* for defendant.

DIGGINS, *J.,* June 3, 1980—Defendant, Anne Gandy was arrested by officers of the Chester City Police Department on September 20, 1979. A preliminary arraignment was held the same day at which time bail was set at $2,500 (ROR). A preliminary hearing was held on September 28, 1979 at which time defendant was held for court. Informations were filed on October 17, 1979 charging defendant with lotteries and gambling devices violations, 18 Pa.C.S.A. §§5512 and 5513. An omnibus pretrial motion for relief was filed on November 5, 1979 and heard on November 15, 1979. The motion sought to suppress evidence and was denied. Immediately prior to trial on December 3, 1979, defendant requested the appointment of a special prosecutor from outside the office of district attorney. The request was denied and the trial commenced. Defendant was found guilty as to both informations on December 4, 1979. The request for the special prosecutor is the basis of this motion for a new trial and in arrest of judgment.

Defendant claims prejudice to her case based on the employment by the district attorney's office of a former public defender who had been defense counsel's supervisor until October 26, 1979. Reliance is placed on Com. v. Miller (James A.), _____ Pa.

Superior Ct. _____, _____ A. 2d _____ (1979), which held that when a public defender joins the district attorney's staff, the entire staff of the district attorney is precluded from trying those cases pending before the transfer where a public defender is opposing counsel. The Commonwealth casts some doubt on the continued vitality of this opinion noting that reargument occurred in March, 1980. However, even assuming the case is upheld, this court rules the issue waived by failure to present it in the omnibus pretrial motion for relief. Pa.R.Crim.P. 306(e) states that failure to state a ground for relief shall constitute a waiver. While Rule 306(a) qualifies the necessity for presenting grounds for relief together in one motion, with "unless otherwise required in the interests of justice," this court holds that in the absence of allegations of actual prejudice to defendant's case, the interests of justice permit defendant to waive the allegation of the appearance or probability of prejudice by failing to include such an allegation in the omnibus pretrial motion for relief.

The decision in Miller was released on September 7. Defendant was arrested on September 20. The public defender in question left that office on October 26 and immediately joined the district attorney's office. Defense counsel was well aware of the situation when he filed the omnibus motion. In the absence of an allegation of actual prejudice to defendant's case, the right to have a special prosecutor appointed as in Miller is waived when not included in the omnibus pretrial motion for relief.

Accordingly, we enter the following

## ORDER

And now, June 3, 1980, defendant's post-trial mo-

tions for arrest of judgment and for a new trial are dismissed and defendant is directed to appear for sentencing on September 3, 1980 at 9:45 a.m.